IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

ANTHONY ISAAC WILLIAMS,              )
                                     )
          Petitioner,                )
                                     )
v.                                   )          CIVIL ACTION NO. 5:12-0398
                                     )
JOEL ZIEGLER, Warden,                )
                                     )
          Respondent.                )

PROPOSED FINDINGS AND RECOMMENDATION

Pending is Petitioner's Application Under 28 U.S.C. § 2241 for Writ of *Habeas Corpus* by a Person in Federal Custody.[1] (Document No. 1.) By Standing Order, this matter was referred to the undersigned United States Magistrate Judge for the submission of proposed findings of fact and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (Document No. 4.) Having examined Petitioner's Section 2241 Application, the undersigned finds, and hereby respectfully recommends, that Petitioner's Application should be dismissed.

FACT AND PROCEDURE

A.      **Criminal Action No. 1:07-cr-0221:**

On June 19, 2007, in the District of Minnesota, the Grand Jury returned a one count Indictment against Petitioner charging him with "having been previously convicted of at least three narcotics related felonies, which are crimes punishable by imprisonment for a term exceeding one year, specifically: Third Degree Sale of Cocaine, December 23, 1992, Ramsey, MN; Fourth Degree

---

[1] Because Petitioner is acting *pro se*, the documents which he has filed are held to a less stringent standard than if they were prepared by a lawyer and therefore construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

Possession with Intent to Distribute Heroin, April 23, 1996, Ramsey, MN; and Possession with Intent to Distribute Heroin, June 1, 1999, Ramsey, MN, thereafter did knowingly possess in and affecting interstate commerce firearms, namely a Glock, model 22, .40 caliber semi-automatic pistol, serial number R104304K; all in violation of Title 18, United States Code, Sections 922(g)(1) and 924(e)(1)." United States v. Williams, Case No. 0:07-cr-0211 (D. Minn. Feb. 21, 2008), Document No. 1. On November 27, 2007, Petitioner pled guilty to being a Felon in Possession of a Firearm, in violation of 18 U.S.C. § 922(g)(1). Id., Document Nos. 40 and 41. On February 21, 2008, the District Court ordered that Petitioner serve a 150-month term of incarceration. Id. Petitioner did not file a direct appeal.

**B.     First Section 2241 Petition:**

On February 11, 2011, Petitioner filed in the District of Minnesota an Application Under 28 U.S.C. § 2241 for Writ of *Habeas Corpus* by a Person in State or Federal Custody and Memorandum in Support. Williams v. United States, Civil Action 0:11-00363 (D. Minn. Mar. 9, 2011), Document Nos. 1 and 3.)  As grounds for relief, Petitioner argued as follows: (1) Ineffective assistance of counsel; (2) "The court lacked subject matter jurisdiction;" and (3) "Speedy trial violation of the Indictment." Id. By Report and Recommendation filed on February 17, 2011, United States Magistrate Judge Janie S. Mayeron recommended that Petitioner's Petition be dismissed for lack of jurisdiction.[2] Id., Document No. 6. By Judgment Order entered on March 9, 2011, the District Court dismissed Petitioner's Petition. Id., Document Nos. 8 and 9.

---

[2] Judge Mayeron declined to transfer Petitioner's Section 2241 to this Court finding that "it is doubtful that petitioner's current claims for relief could properly be entertained in a § 2241 habeas corpus petition, even if his petition were filed in the proper district."

**C.      Second Section 2241 Petition:**

On February 15, 2012, Petitioner filed his instant Application Under 28 U.S.C. § 2241 for

Writ of *Habeas Corpus* by a Person in State or Federal Custody and Memorandum in Support. (Civil

Action No. 5:12-0398, Document Nos. 1 and 2.)  As grounds for *habeas* relief, Petitioner states as

follows: (1) "Whether the U.S. District Court erred in finding that Petitioner's prior state convictions

qualified as a predicate offense thereby characterizing Petitioner as an 'Armed Career Offender'

pursuant to 18 U.S.C. § 924(e)(1), as charged in the Indictment resulting in the imposition of an

unconstitutional enhanced sentence" (Id., Document No. 2, pp. 6 - 12.); and (2) "Whether the U.S.

District Court erred by trying and sentencing Petitioner by way of a faulty or bogus Indictment."

(Id., pp. 12 - 14.)

As Exhibits, Petitioner filed the following: (1) A copy of his Indictment as filed in the

District of Minnesota in Criminal Action No. 07-0211 (Id., pp. 17 - 18.); (2) A copy of the "1992

Guidelines Grid" (Id., pp. 19 - 20.); (3) A copy of the "1996 Guidelines Grid" (Id., pp. 21 - 22.); (4)

A copy of Petitioner's "Inmate Inquiry" (Id., pp. 23 - 24.); (5) A copy of an e-mail from Craig M.

Coscarelli, Paralegal, discussing recent case law (Document No. 10.); (6) A copy of a letter from

the Federal Public Defender's Office notifying Petitioner of the United States Supreme Court's

decisions in Alleyne and Descamps[3] (Document No. 11, p. 2.); (7) A copy of an e-mails from Craig

---

[3] In *Descamps v. United States*, ___U.S. ___, 133 S.Ct. 2276, 186 L.Ed.2d 438 (2013), the United States Supreme Court held that to determine whether a past conviction is a "violent felony" within the meaning of the ACCA, courts should use the categorical approach if the state statute is "indivisible." Case law, however, indicates that *Descamps* is not retroactive to cases on collateral review. *See United States v. Sanders*, 2013 WL 5707808 (N.D.Ohio Oct. 18, 2013); *Roscoe v. United States*, 2013 WL 5636686 (N.D.Ala. Oct. 16, 2013); *Reed v. United States*, 2013 WL 5567703 (M.D.Fla. Oct. 9, 2013); *Landry v. United States*, 2013 WL 5555122(W.D.Tex. Oct. 4, 2013).

M. Coscarelli, Paralegal, discussing <u>Alleyne</u>[4] (<u>Id.</u>, pp. 3 - 5 and Document No. 13.); and (8) A copy

of an e-mail from "Street, Fam" discussing the Justice Safety Valve Act (<u>Id.</u>, Document No. 12.).

On February 15, 2012, the Clerk of the Court issued a "Notice to Petitioner of Failure to

Remit Filing Fee" and enclosed a blank "Application to Proceed Without Prepayment of Fees." (<u>Id.</u>,

Document No. 3.) Petitioner filed his completed Application to Proceed Without Prepayment of Fees

on February 21, 2012. (<u>Id.</u>, Document No. 5.)

By Order entered on October 11, 2013, the undersigned granted Petitioner's Application to

Proceed Without Prepayment of Fees and directed Respondent file an Answer to the allegations

contained in the Petitioner's Application and show cause, if any, why the Writ of *Habeas Corpus*

sought by the Petitioner in this case should not be granted. (<u>Id.</u>, Document No. 16.) On November

21, 2013, Respondent filed his Response to the Order to Show Cause. (<u>Id.</u>, Document No. 21.)

Respondent argues that Petitioner's Petition should be denied based on the following: (1) "Petitioner

has filed an improper Petition under 28 U.S.C. § 2241" (<u>Id.</u>, pp. 3 - 4.); (2) "Petitioner was a Felon

---

[4] In *Alleyne*, the Supreme Court held that any fact increasing the mandatory minimum penalty for an offense must be alleged in the indictment and proven beyond a reasonable doubt to a jury. *Alleyne v. United States*, ___ U.S. ___, 133 S.Ct. 2151, 186 L.Ed.2d 314 (2013). *Alleyne*, however, establishes a new rule of criminal procedure rather than a substantive change in the law. *Harris v. United States*, 2013 WL 4882227, * 2 (S.D.W.Va. Sept. 12, 2013). Generally, new rules of criminal procedure do not apply retroactively to cases on collateral review. *Teague v. Lane*, 489 U.S. 288, 303, 109 S.Ct. 1060, 1071, 103 L.Ed.2d 334 (1989). Both the Fourth Circuit and the District of Minnesota have recently determined that *Alleyne* is not retroactive for purposes of collateral review. *United States v. Stewart*, 2013 WL 5397401 (4th Cir. Sep. 27, 2013)("*Alleyne* has not been made retroactively applicable to cases on collateral review."); *United States v. Popa*, 2013 WL 5771149, * 2(D.Minn. Oct. 24, 2013)("*Alleyne* has not been made retroactive to cases on collateral review"); *also see United States v. Redd*, ___ F.3d ___, 2013 WL 5911428, * 3 (2nd Cir. 2013); *Simpson v. United States*, 721 F.3d, 875 (7th Cir. 2013); *Manning v. United States*, 2013 WL 5890722 (W.D.Va. Oct. 31, 2013); *Muhammad v. Purdue*, 2013 WL 4508870 (N.D.W.Va. Aug. 23, 2013); *United States v. Reyes*, 2013 WL 4042508 (E.D.Pa. Aug. 8, 2013); *United States v. Eziolisa*, 2013 WL 3812087 (S.D.Ohio July 22, 2013). Accordingly, the undersigned finds that Petitioner is not entitled to *habeas* relief based upon *Alleyne*.

in Possession of a Firearm under 18 U.S.C. § 922(g)" (Id., pp. 5 - 6.); (3) "Petitioner's crimes qualify

him as an Armed Career Criminal" (Id., pp. 6 - 7.); (4) "*Carachuri-Rosendo* and *Simmons* have no

effect on Petitioner" (Id., pp. 7 - 9.); and (5) "Petitioner's right to due process was not violated by

an unsigned indictment" (Id., p. 10.)

As Exhibits, Respondent attaches a copy of the following: (1) A copy of Petitioner's

"Administrative Remedy Generalized Retrieval" dated November 21, 2013 (Id., Document No. 21-

2.); (2) A copy of the "Minnesota Sentencing Guidelines and Commentary" as revised August 1,

1992 (Id., Document No. 21-3.); (3) A copy of the "Minnesota Sentencing Guidelines and

Commentary" as revised August 1, 1995 (Id., Document No. 21-4.); (4) A copy of the "Minnesota

Sentencing Guidelines and Commentary" as revised on August 1, 1998 (Id., Document No. 21-5.);

(5) A copy of Petitioner's Presentence Report as filed in the District of Minnesota in Criminal

Action No. 0:07-0211 (Id., Document No. 24.); (6) A copy of the "Register of Actions" regarding

State v. Williams, Case No. 62-K8-92-002922 (Id., Document No. 24-1.); (7) A copy of the

"Register of Actions" regarding State v. Williams, Case No. 62-K2-99-0004065 (Id., Document No.

24-2.); and (8) A copy of the "Register of Actions" regarding State v. Williams, Case No. 62-K2-99-

000672 (Id., Document No. 24-3.).

## ANALYSIS

In considering an inmate's application for *habeas* relief under 28 U.S.C. § 2241, the Court

must consider whether the inmate is "in custody in violation of the Constitution or laws or treaties

of the United States." 28 U.S.C. § 2241(c)(3); Rose v. Hodges, 423 U.S. 19, 21, 96 S.Ct. 175, 177,

46 L.Ed.2d 162 (1975). The Court notes that Section 2241 is merely a general grant of *habeas*

*corpus* authority. See Medberry v. Crosby, 351 F.3d 1049, 1062 (11 Cir. 2003). More specific grants

of *habeas corpus* authority are found in 28 U.S.C. § 2254 (state prisoners) and 28 U.S.C. § 2255 (federal prisoners). See Thomas v. Crosby, 371 F.3d 782, 785 (11th Cir. 2004). Section 2255 is the exclusive remedy for testing the validity of federal judgments and sentences unless there is a showing that the remedy is inadequate or ineffective. In Re Jones, 226 F.3d 328, 333 (4th Cir. 2000). The remedy under Section 2241 is not an additional, alternative or supplemental remedy to that prescribed under Section 2255. Rather, Section 2241 applies to circumstances factually quite different from those properly considered under Section 2255. While the validity of Petitioner's conviction and/or sentence is in issue under Section 2255, matters pertaining to Petitioner's "commitment or detention" are properly the subject under 28 U.S.C. § 2241. See 28 U.S.C. § 2242. Thus, in addition to those very narrow circumstances under which Section 2255 is "inadequate and ineffective," issues arising out of the allegedly unlawful or incorrect computation of Petitioner's sentence and resulting in an unconstitutional restraint upon his liberty are properly considered under 28 U.S.C. § 2241. Allegations that a federal conviction or sentence is invalid are therefore appropriately considered under Section 2255, and allegations respecting the execution of a federal sentence are properly considered under Section 2241. "A section 2241 petition that seeks to challenge the validity of a federal sentence must either be dismissed or construed as a section 2255 motion." Pack v. Yusuff, 218 F.3d 448, 452 (5th Cir. 2000).

Although a Section 2255 Motion is the proper vehicle for challenging a federal conviction or sentence, Section 2241 may be used by a federal prisoner to challenge the legality of his conviction or sentence if he can satisfy the mandates of the Section 2255 "savings clause." Section 2255 contains a "savings clause" that allows an individual to file a petition challenging his conviction or sentence in a venue other than the sentencing court if the Petitioner can establish that

his remedy under Section 2255 is "inadequate or ineffective." In re Jones, 226 F.3d at 333("[W]hen § 2255 proves 'inadequate or ineffective to test the legality of . . . detention,' a federal prisoner may seek a writ of habeas corpus pursuant to § 2241."); Bradshaw v. Story, 86 F.3d 164, 166 (10th Cir. 1996). The Petitioner bears the burden of showing the inadequacy or ineffectiveness of a Section 2255 Application. See McGhee v. Hanberry, 604 F.2d 9, 10 (5th Cir. 1979). The fact that relief under Section 2255 is barred procedurally or by the gatekeeping requirements of Section 2255 does not render the remedy of Section 2255 inadequate or ineffective. In re Jones, 226 F.3d at 332; Young v. Conley, 128 F.Supp.2d 354, 357 (S.D.W.Va.)(Chief Judge Haden), aff'd, 291 F.3d 257 (4th Cir. 2001), cert. denied, 537 U.S. 938, 123 S.Ct. 46, 154 L.Ed.2d 242 (2002). The Fourth Circuit has stated that "§ 2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law." In re Jones, 226 F.3d at 333-34.

In the instant case, Petitioner is challenging the validity of his conviction and sentence as imposed by the District of Minnesota. Citing Simmons, Petitioner argues as follows: (1) he was improperly convicted of being a Felon in Possession of a Firearm in violation of Section 992(g); and (2) he was improperly classified and sentenced as an Armed Career Criminal. (Civil Action No. 1:12-0398, Document Nos. 1 and 2.) Lastly, Petitioner argues that his conviction is invalid because the Indictment was not signed. Petitioner appears to contend that he can proceed under Section 2241 because Section 2255 is inadequate or ineffective.

A.      **Felon in Possession Conviction:**

Based upon a review of the record, the undersigned concludes Petitioner has not demonstrated and cannot demonstrate that Section 2255 was inadequate or ineffective such that he could resort to Section 2241 to challenge his Felon in Possession Conviction. Petitioner cannot establish an intervening change in law that establishes his actual innocence of the underlying conviction. Petitioner appears that argue that Simmons resulted in a substantive change in the law. In reaching its decision in Simmons, the Fourth Circuit relied on Carachuri-Rosendo v. Holder, 560 U.S. 563, 130 S.Ct. 2577, 177 L.Ed.2d 68 (2010). The United States Supreme Court, however, did not make Carachuri-Rosendo retroactive to cases on collateral review. Thus, the undersigned finds that Carachuri-Rosendo does not establish a substantive change in the law for purposes of the savings clause. Next, the Court will consider whether Simmons establishes a substantive change in the law for purposes of the savings clause. On August 21, 2013, the Fourth Circuit held that Simmons is retroactive to cases on collateral review that involve claims of actual innocence of an underlying Section 922(g) conviction. Miller v. United States, 2013 WL 4441547 (4th Cir. Aug. 21, 2013). In Miller, the Fourth Circuit noted that "[t]he fact that this Court relied on *Carachuri* in reaching its decision in *Simmons* does not mean that *Carachuri* itself announced a new rule of substantive criminal law, only that this Court applied *Carachuri* in such a way as to announce such a [new substantive rule.]" Miller, 735 F.3d at 146. The Fourth Circuit explained that "even though *Powell* determined that *Carachuri* is a procedural rule that is not retroactive, this does not mean that *Simmons*, in applying *Carachuri*, did not announce a substantive rule that is retroactive." Id. at 147. Miller and Simmons, however, are Fourth Circuit decisions that are not binding upon courts within the Eighth Circuit. See Goodwin v. United States, 2013 WL 2468365, * 3 (E.D.Tenn. June 7,

2013)(finding that *Simmons* is not binding upon the on the court). Although <u>Miller</u> and <u>Simmons</u> may result in a substantive change in the law for individuals convicted in the Fourth Circuit, Petitioner was convicted in Eighth Circuit. Accordingly, Petitioner cannot sustain his burden of showing a substantive change in the law based upon <u>Carachuri-Rosendo</u>, <u>Simmons</u>, or <u>Miller</u>.

Notwithstanding the foregoing, the undersigned will briefly consider the merits of Petitioner's claim that he was improperly convicted of being a Felon in Possession of a Firearm in violation of Section 992(g). In <u>Carachuri</u>, the Supreme Court considered "whether the mere possibility, no matter how remote, that a 2-year sentence might have been imposed in a federal trial is a sufficient basis for concluding that a state misdemeanant, who was not charged as a recidivist, has been 'convicted' of an 'aggravated felony' within the meaning of" the Immigration and Nationality Act." <u>Carachuri</u>, 560 U.S. at ___, 130 S.Ct. at 2583. The Supreme Court held that when determining whether a conviction is an "aggravated felony' for purposes of the INA, the Court must look at the defendant's *actual conviction* and not the offense for which he could have possibly been convicted based on his conduct. <u>Id.</u>, 560 U.S. at ___, 130 S.Ct. at 2588-90(emphasis added). The Supreme Court explained as follows:

> [T]he defendant must have been actually convicted of a crime that is itself punishable as a felony under federal law. The mere possibility that the defendant's conduct, coupled with facts outside the record of conviction, could have authorized a felony conviction under federal law is insufficient to satisfy the statutory command that a noncitizen be convicted of an aggravated felony before he loses the opportunity to seek cancellation of removal.

<u>Id.</u>, 560 U.S. at ___, 130 S.Ct. at 2589.

In <u>Simmons</u>, the Fourth Circuit vacated defendant's sentence in light of <u>Carachuri-Rosendo</u>.[5]

---

[5] The Fourth Circuit noted that *Carachuri* was more complicated. "The question of whether Carachuri's predicate offense qualified as an 'aggravated felony' under the INA turned on whether

The Fourth Circuit determined that a prior conviction under North Carolina law is punishable by more than one year of imprisonment only if the defendant's conviction, based on his individual offense characteristics and criminal history, allowed for such a sentence. Simmons, 649 F.3d at 243-45. Thus, the Fourth Circuit held that in order for a prior felony conviction to qualify as a predicate offense, the individual defendant must have been convicted of an offense for which the defendant could be sentenced to a term exceeding one year. Id. The Fourth Circuit explained that even though defendant's state conviction demonstrates that he committed a Class I felony, defendant could not have received a sentence exceeding 8-months community punishment because he was a first-time offender who had a prior record level of 1.  Id. at 248.

In Miller, petitioner filed a timely Section 2255 Motion seeking to vacate his conviction for possession of a firearm by a convicted felon based upon Simmons. Miller, 2013 WL 4441547 at *1. The Fourth Circuit determined that Simmons is a new rule of substantive criminal law because it altered "the class of persons that the law punishes." Id. at *4. Specifically, Simmons "narrowed the scope of § 922(g)(1) by establishing that it does not reach defendants whose prior conviction could not have resulted in a sentence of more than one year in prison."[6] Id. Accordingly, the Fourth Circuit

the proscribed conduct of his state offense was punishable as a felony under . . . federal law." Thus, "the INA required resort to a hypothetical – an assessment of whether Carachuri, by committing a state crime, had committed a 'fictional federal felony.'" In *Carachuri*, the Government's argument improperly relied on a "hypothetical to a hypothetical." In *Simmons*, the Fourth Circuit noted that the inquiry was simpler "because 21 U.S.C. § 841(b)(1)(B) does not require comparison of Simmons's state offense to a fictional federal crime." *Simmons*, 649 F.3d at 248.

[6] "For defendants convicted of possessing a firearm by a convicted felon under 18 U.S.C. § 922(g)(1), where the predicate conviction(s) supporting their § 922(g)(1) convictions were North Carolina felony offenses for which they could not have received sentences of more than one year in prison, *Simmons* also makes clear that those felony convictions do not qualify as predicate felonies  for purposes of federal law, and those defendants are actually innocent of the § 922(g)(1) offense of which they were convicted." *Miller*, 2013 WL 4441547, at * 4.

10

determined that <u>Simmons</u> is retroactive to cases on collateral review that involve claims of actual innocence of an underlying Section 922(g) conviction. <u>Id.</u>

A review of the record reveals that Petitioner had at least three prior convictions that qualified as a predicate offense to support his conviction under Section 922(g)(1). The Presentence Report reveals that all three prior felony convictions referenced in Petitioner's Indictment as predicate offenses resulted in a sentence exceeding one year. (Civil Action No. 5:12-0398, Document No. 24, pp. 9 - 11, ¶¶ 23, 26, 27, Document No. 24-1, Document No. 24-2, and Document No. 24-3.) As contained in Paragraph 23, Petitioner pled guilty in the Ramsey County District Court on December 22, 1992, to two counts of Sale of Cocaine, a third-degree felony, and was sentenced to a 21 month term of incarceration as to Count One and a 26 month term of incarceration as to Count Two, to run concurrently. (<u>Id.</u>, p. 9, ¶ 23 and Document No. 24-1.) As contained in Paragraph 26, Petitioner pled guilty in the Ramsey County District Court on April 23, 1996, to two counts of Possession with Intent to Distribute Heroin, a third-degree felony, and was sentenced to a 44 month term of incarceration.  (<u>Id.</u>, Document No. 24, p. 10, ¶ 26 and Document No. 24-2.) As contained in Paragraph 27, Petitioner pled guilty in the Ramsey County District Court on June 1, 1999, to Possession with Intent to Distribute Heroin, a third-degree felony, and was sentenced to a 60 month term of incarceration.  (<u>Id.</u>, Document No. 24, p. 11, ¶ 27 and Document No. 24-3.) Based on the foregoing, the undersigned finds that Petitioner was convicted of an offense which resulted in a sentence exceeding one year. <u>See</u> <u>Simmons</u>, 649 F.3d at 246(the Fourth Circuit held that in order for a prior felony conviction to qualify as a predicate offense, the individual defendant must have been convicted of an offense for which the defendant could be sentenced to a term exceeding one year.) Accordingly, Petitioner's prior convictions for Sale of Cocaine and Possession with Intent to

Distribute Heroin qualified as predicate offenses to support his conviction under Section 922(g)(1).

**B.      Armed Career Criminal Status:**

Next, the undersigned concludes Petitioner has not demonstrated and cannot demonstrate that

Section 2255 was inadequate or ineffective such that he could resort to Section 2241 to challenge

his Armed Career Criminal Status. Citing Carachuri-Rosendo and Simmons, Petitioner argues that

the sentencing Court improperly classified him as an Armed Career Criminal. The undersigned finds

that Petitioner's challenge to the validity of his *sentence* based upon Carachuri-Rosendo and

Simmons does not meet the requirements of the saving clause. See Bennett v. United States, 2012

WL 5511643 (S.D.W.Va. Oct. 23, 2012); also see Farrow v. Revell, 2013 WL 5546155 (4th Cir. Oct.

9, 2013)(petitioner's challenge to his armed career criminal status is not cognizable in a Section

2241 petition because the savings clause only preserves claims in which petitioner alleges actual

innocence of his *conviction*); Noggin v. Wilson, 2013 WL 5603226 (E.D.Va. Oct. 11, 2013)(finding

that Petitioner could not challenge his sentence based upon *Miller* and *Simmons* under a Section

2241 Petition); Chambers v. United States, 2013 WL 171091, * 3 (W.D.N.C. Jan. 16, 2013)(finding

that Petitioner's challenge to his sentence as being impermissibly enhanced based on a prior North

Carolina state drug conviction does not come within the purview of § 2241 as outlined in *Jones*);

Moon v. United States, 2012 WL 6212616, * 2 (D.S.C. Dec. 13, 2012)(Since petitioner challenges

his armed career criminal sentencing enhancement based upon *Simmons*, he has not raised a claim

that may be presented in a Section 2241 Petition). As stated above, Section 2255 is not rendered

inadequate or ineffective merely because an individual is barred procedurally or by the gatekeeping

requirements of Section 2255. Therefore, Petitioner has failed to sustain his burden of showing the

inadequacy or ineffectiveness of a Section 2255 Motion and his Section 2241 Petition should be

dismissed as to the above claim.

**C.      Challenge to the Indictment:**

Based upon the foregoing, the undersigned concludes Petitioner has not demonstrated and cannot demonstrate that Section 2255 was inadequate or ineffective such that he could resort to Section 2241 to challenge the validity of his Indictment. Petitioner contends that his Indictment was invalid because "it does not have the required signature of the 1) United States Attorney, 2) the Assistant United States Attorney, 3) the Grand Jury Foreman, or 4) the Clerk of the Court." (Civil Action No. 5:12-0398, Document No. 2, p. 12.) Petitioner does not allege an intervening change in law that establishes his actual innocence. It appears that Petitioner filed the instant Section 2241 Petition challenging the validity of his Indictment because he suspected a Section 2255 Motion would be dismissed as untimely by the District of Minnesota. As stated above, Section 2255 is not rendered inadequate or ineffective merely because an individual is barred procedurally or by the gatekeeping requirements of Section 2255. Therefore, Petitioner has failed to sustain his burden of showing the inadequacy or ineffectiveness of a Section 2255 Application and his Section 2241 Petition should be dismissed as to his claim concerning the validity of the Indictment.

<u>**PROPOSAL AND RECOMMENDATION**</u>

Based upon the foregoing, it is therefore respectfully **PROPOSED** that the District Court confirm and accept the foregoing factual findings and legal conclusions and **RECOMMENDED** that the District Court **DISMISS** Petitioner's Application for Writ of *Habeas Corpus* by a Person in Federal Custody Pursuant to 28 U.S.C. § 2241 (Document No. 1.) and **REMOVE** this matter from the Court's docket.

Petitioner is notified that this Proposed Findings and Recommendation is hereby **FILED**,

and a copy will be submitted to the Honorable United States District Judge Irene C. Berger. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), Rule 8(b) of the Rules Governing Proceedings in the United States District Courts Under Section 2255 of Title 28, United States Code, and Rule 45(e) of the Federal Rules of Criminal Procedure, Petitioner shall have seventeen days (fourteen days, filing of objections and three days, mailing/service) from the date of filing of these Findings and Recommendation within which to file with the Clerk of this Court, written objections, identifying the portions of the Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208, 104 S. Ct. 2395, 81 L. Ed. 2d 352 (1984). Copies of such objections shall be served on opposing parties, District Judge Berger, and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Petitioner, who is acting *pro se*.

Date: December 30, 2013.

R. Clarke VanDervort
United States Magistrate Judge

14